UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEAZAR YISRAEL, | : |
| | :    CIVIL ACTION NO. 3:16-572 |
| **Plaintiff,** | : |
| | :          (JUDGE MANNION) |
| v. | : |
| | : |
| STATE POLICE, *et al.*, | : |
| | : |
| **Defendants** | : |

## MEMORANDUM

Plaintiff, a pretrial detainee, housed in the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the Pennsylvania State Police, the Luzerne County Sheriff Department and the Medical Director of the Luzerne County Correctional Facility. Plaintiff challenges ongoing state criminal proceedings in the Court of Common Pleas for Luzerne County, as well as the alleged mishandling of Plaintiff by the Luzerne County Sheriff's Department, while transporting him from the courtroom, and Plaintiff's alleged injuries and inadequate medical care as a result. The required filing fee has been paid. The Court has conducted an initial screen of Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)[1] and 28

---

[1]Section 1915(e)(2) of Title 28 of the United States Code provides:

(continued...)

U.S.C. §1915A,[2] and for the reasons set forth below, will dismiss the Pennsylvania State Police and Plaintiff's claims regarding his ongoing state criminal proceedings from the complaint, without prejudice. The Clerk of Court will then be directed to serve the remainder of Plaintiff's complaint on the remaining parties named herein.

## I. Background

### A. State Court Proceedings

The Court has reviewed the above captioned civil rights action and the

---

[1](...continued)
> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if
> the court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

[2]Title 28 U.S.C. §1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, inter alia, the complaint fails to present a viable cause of action. This initial screening is to de done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a).

state court dockets[3] in the Court of Common Pleas of Luzerne County and ascertained the following.

On September 3, 2015, Yisrael was arrested and charged by the Pennsylvania State Police with Make Repairs/Sell/Etc. Offensive Weapons and Use/Possession of Drug Paraphernalia. See Commonwealth v. Yisrael, CP–40–CR–4043–2015, Criminal Docket Sheet. On September 3, 2015, bail was set at $100,000.00. Id. On January 13, 2016, a Criminal Information was filed. Id. Plaintiff was formally arraigned on January 15, 2016. Id.

On September 9, 2015, Yisrael was arrested and charged by the Pennsylvania State Police with Criminal Homicide; Robbery (inflict serious bodily injury); Burglary (overnight accommodation, person present); Tamper with/Fabricate Physical Evidence; and Abuse of Corpse. See Commonwealth v. Yisrael, CP–40–CR–3750–2015, Criminal Docket Sheet. On September 9, 2015, an Order was issued denying a motion to set bail. Id. On November 30, 2015, a Criminal Information was filed. Id. He was formally arraigned on December 1, 2015 and a pre-trial conference was scheduled for April 4, 2016. Id. By Order dated May 2, 2016, Yisrael's motion to continue trial was granted. Id. He is currently awaiting trial. Id.

---

[3]See Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at:
http:// ujsportal.pacourts.us/DocketSheets/CP.aspx.

### B. Allegations in Complaint

Plaintiff alleges that officers of the Pennsylvania State Police were "instrumental in the illegal search and seizure of the residence of 33 W. 10th St. and the unlawful arrest and false imprisonment of Plaintiff against his will as a Sovereign Authority." (Doc. 1).

He further claims that officers of the Luzerne County Sheriffs Department "did physically abuse [him] when removing him from courtroom a number of (2) times by banging his body off of walls and doorframe and carrying him by the shackles placed on his feet, resulting in nerve damage and wounds/cuts as a result of their treatment." Id.

Finally, Plaintiff states that "Correct Care Solutions failed to provide adequate health care and proper assessment of conditions in a prompt manner and going no further than an ectocardiogram (sic) which showed results of a failing heart and responding to a medical grievance nearly a month after serious conditions were reported." Id.

Thus, Plaintiff filed the instant action in which he requests "full compensation for [the] number of days imprisoned and detained; full compensation for each incident forced to be subjected to involving court proceedings; reimbursement of loss of investments and/or fund Children College & Community Campus Project for 13 years or pay its equivalent which

is 7.2 million over the course of 3 years in thirds; reimburse or employ contractors for damage done to address of 33 W.10th St. home; furnish a protection from abuse against Pennsylvania State Police in its totality; and compensation for pain and suffering during incarceration for the death of loved ones whose funerals [he] could not attend, anxiety and trauma set forth therein." Id.

## II. **DISCUSSION**

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). Younger abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our

federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id.

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or ... other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 46, 53–54. The exceptions are to be narrowly construed. Hall v. Pennsylvania, 2012 WL 5987142, *2 (M.D.Pa. 2012) (citing Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D.Pa. 1991)).

In the present matter, it is clear that all three Younger criteria are met. First, there is an ongoing state criminal prosecution of Plaintiff regarding which his request for relief would interfere. Second, based upon the fact that

6

Yisrael is attempting to raise issues concerning the validity of his pre-trial incarceration, the proceeding clearly implicates important state interests. Third, the Luzerne County forum affords Yisrael an adequate opportunity to raise his federal law issues, such as arrest without probable cause. Yisrael has not asserted that he is unable to present his federal claims in his related state court proceedings. As such, Plaintiff has an opportunity to raise his claims in his state criminal proceedings.

Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

This Court may assume that the state procedures will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans, 959 F.2d at 1234.

It is clear that Plaintiff's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention and the instant action does not raise the type of extraordinary circumstances contemplated under Younger. Accordingly, it is appropriate to abstain from entertaining Plaintiff's

claims against the Pennsylvania State Police, out of deference to the state judicial process. See, e.g., Everette v. Warden of Dauphin County, 2010 WL 1485722 (M.D.Pa. 2010) (holding that the Younger elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court).

### III. CONCLUSION

In light of the foregoing, Plaintiff's claims against the Pennsylvania State Police concerning the validity of his arrest will be **DISMISSED** without prejudice. The action will be proceed as to the remaining Defendants. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:** June 13, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0572-01.wpd