**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELEAZAR YISRAEL,** : | **CIVIL ACTION NO. 3:16-572** |
| **Plaintiff,** : | |
| : | **(JUDGE MANNION)** |
| v. : | |
| **STATE POLICE,** *et al.*, : | |
| **Defendants** : | |

**MEMORANDUM**

**I.    Background**

Plaintiff, a pretrial detainee, housed in the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the Pennsylvania State Police, the Luzerne County Sheriff's Department and the Medical Director of the Luzerne County Correctional Facility. Plaintiff challenges ongoing state criminal proceedings in the Court of Common Pleas for Luzerne County, as well as the alleged mishandling of Plaintiff by the Luzerne County Sheriff's Department, while transporting him from the courtroom, and Plaintiff's alleged injuries and inadequate medical care as a result. The required filing fee has been paid.

By Memorandum and Order dated June 13, 2016, the Court conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)[1]

---

[1]Section 1915(e)(2) of Title 28 of the United States Code provides:

(continued...)

and 28 U.S.C. §1915A,² and dismissed, without prejudice, the Pennsylvania State Police and Plaintiff's claims regarding his ongoing state criminal proceedings from the complaint. (Docs. 6, 7).

Currently pending before the Court is a motion to dismiss Plaintiff's complaint, filed on behalf of Defendants Luzerne County Sheriff's Department and the Medical Directory of the Luzerne County Correctional Facility. (Doc. 17). The unopposed motion is ripe for disposition. For the following reasons, the Court will grant the motion, in part, as noted below.

## II.  **Allegations in Complaint**

Plaintiff alleges that officers of the Pennsylvania State Police were "instrumental in the illegal search and seizure of the residence of 33 W. 10th

---

¹(...continued)
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

²Title 28 U.S.C. §1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, <u>inter alia</u>, the complaint fails to present a viable cause of action. This initial screening is to de done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a).

St. and the unlawful arrest and false imprisonment of Plaintiff against his will as a Sovereign Authority." (Doc. 1).

He further claims that officers of the Luzerne County Sheriffs Department "did physically abuse [him] when removing him from courtroom a number of (2) times by banging his body off of walls and doorframe and carrying him by the shackles placed on his feet, resulting in nerve damage and wounds/cuts as a result of their treatment." Id.

Finally, Plaintiff states that "Correct Care Solutions failed to provide adequate health care and proper assessment of conditions in a prompt manner and going no further than an ectocardiogram (sic) which showed results of a failing heart and responding to a medical grievance nearly a month after serious conditions were reported." Id. In support of this allegation, Plaintiff attaches an Inmate Medical Grievance Form to his complaint, in which Plaintiff lists several medical complaints, including losing control of his bladder, sleep apnea and increased breathing. Id. Although the Grievance Form is dated November 16, 2015, it is noted as "received 12/11/15" and responded to that same date with the designation "brought down to medical for immediate assessment." Id.

On April 4, 2016, Plaintiff filed the instant action in which he requests "full compensation for [the] number of days imprisoned and detained; full compensation for each incident forced to be subjected to involving court proceedings; reimbursement of loss of investments and/or fund Children

College & Community Campus Project for 13 years or pay its equivalent which is 7.2 million over the course of 3 years in thirds; reimburse or employ contractors for damage done to address of 33 W.10th St. home; furnish a protection from abuse against Pennsylvania State Police in its totality; and compensation for pain and suffering during incarceration for the death of loved ones whose funerals [he] could not attend, anxiety and trauma set forth therein." Id.

### III.   Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft

v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at \*4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed App'x. 183 (3d Cir. 2008).

**IV.    Discussion**

   **A. Eighth Amendment Medical Claim**

   In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id.

   A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment..." Estelle v.

Gamble, 429 U.S. 97, 106 (1976). For instance, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Id., 429 U.S. at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a §1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Further, a prison administrator cannot be found deliberately indifferent under the Eighth Amendment because he or she fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians. Id., 991 F.2d at 69. If, however, non-medical prison personnel had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner," liability may be imposed. Spruill, 372 F.3d 236.

A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does

not support a claim of cruel and unusual punishment. Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976).

Additionally, if there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second guess the medical judgment of the attending physician. Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desires. Farmer v. Carlson, 685 F. Supp. at 1339.

The allegations in Plaintiff's complaint, and his supporting documentation, clearly demonstrate that Plaintiff received medical attention, and that the attention Plaintiff received lacks the requisite deliberate indifference to support a Section 1983 claim. Plaintiff was immediately seen by medical personnel the day his medical grievance form was received.

At best, Plaintiff's complaint demonstrates his disagreement with the type and timeliness of the treatment rendered. Though he may have wished to have been seen and diagnosed earlier, his disagreement with the course of action that they took based on the symptoms he presented, is not enough to state a §1983 claim. Sample v. Diecks, 885 F.2d 1099, 1109 (3d Cir.1989) (citing Estelle, 429 U.S. at 105–06 (in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an

unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind)). This is particularly so in light of the fact that there are no allegations in the complaint that any of the Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon Plaintiff. <u>Farmer</u>; <u>Rouse</u>. Thus, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. At most, the allegations in the complaint only rise to the level of mere negligence. As simple negligence can not serve as a predicate to liability under §1983, [Hudson v. Palmer, 468 U.S. 517 (1984)](), Plaintiff's civil rights complaint fails to articulate an arguable claim.  See [White, 897 F.2d at 108-110]().

Even holding Plaintiff's complaint to the less stringent pleading standards of *pro se* plaintiffs, the allegations do not sufficiently allege deliberate indifference. Plaintiff does not suggest that the institution's medical staff were aware that there was an excessive risk to his health or safety but wantonly refused to provide him medical care. [Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004)]() (stating that while a pro se complaint should be read liberally, an inmate plaintiff must still allege that defendant was aware of the risk and intentionally disregarded it). Thus, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the

prison. At most, the allegations in the complaint only rise to the level of mere negligence. As simple negligence can not serve as a predicate to liability under §1983, Hudson v. Palmer, 468 U.S. 517 (1984), Plaintiff's civil rights complaint fails to articulate an arguable claim. See White, 897 F.2d at 108-110.

Moreover, to the extent that Plaintiff believes that he has been misdiagnosed, mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners. Durmer, 991 F.2d at 67. Once again, "mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110.

### B.   Luzerne County Sheriff's Department[3]

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action ... (ii) fails to state a claim on which relief may be granted ..." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a 12(b)(6)

---

[3]Although named as a Defendant in Plaintiff's action, and identified in the Defendants' motion to dismiss, Defendants make no argument in their brief in support with respect to the Sheriff's Department, and instead, move to dismiss Luzerne County, not a named Defendant, based on the same legal argument. (See Doc. 20 at 13-14).

motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

In order to prevail on a §1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd, 168 F.Supp.2d 361, 372 (M.D. Pa. 2001).

The claim against the Luzerne County Sheriff's Department must be dismissed as it is not a local government unit that can be sued under §1983 pursuant to Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 690-91 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of). In Section 1983 actions, a police department cannot be sued because it is merely an administrative arm of the local municipality, and is not a separate judicial entity. See DeBellis v. Kulp, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001) (collecting cases and stating that police departments cannot be sued in §1983 because it is "merely an administrative arm of the local municipality, and is not a separate judicial entity."). See also Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n. 4 (3d Cir. 1997)

(treating municipality and its police department as a single entity for purposes of §1983 liability).

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). Since it is clear from Plaintiff's complaint, and supporting documentation, that Plaintiff received adequate medical treatment as soon as the medical department became aware of his request for treatment, and merely disagrees with the treatment he received during this time, the Court finds that amendment on these claims would be futile.

However, out of an abundance of caution, the Court will permit the Plaintiff to file an amended complaint with respect to his excessive use of force claim. Because Plaintiff has failed to specifically identify a named member of the Luzerne County Sheriff's Department as a Defendant, it appears that the Plaintiff, in an amended complaint, would be required to better describe any personal involvement in the alleged misdeed. See Fed.R.Civ.P. 15. It is necessary and important to allow the Plaintiff to amend his complaint so that the issues raised in this litigation may be decided fully on their merits. See Weaver v. Wilcox, 650 F.2d 22, 27-28 (3d Cir. 1981); Kauffman v. Moss, 420 F.2d 1270, 1275-76 (3d Cir.), cert. denied, 400 U.S. 846 (1970).

## V. Conclusion

For the reasons stated above, the motion to dismiss Plaintiff's Eighth Amendment claim, filed on behalf of Defendant, Medical Director of the Luzerne County Correctional Facility, will be granted. Defendant, Prison Medical Staff, is also entitled to dismissal pursuant to of 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. Plaintiff will be afforded an opportunity to file an amended complaint with respect to alleged excessive use of force by members of the Luzerne County Sheriff's Department. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** March 21, 2017
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0572-02.wpd